Mary Alice Kelleher, Plaintiff-Appellant, v. Charles Kelleher, Defendant-Appellee.

Gen. No. 65–44.

Third District.

February 15, 1966.

Galowich & Galowich, of Joliet (Jerald S. Galowich, of counsel), for appellant.

Murphy, Timm & Lennon, of Joliet (Arthur T. Lennon, of counsel), for appellee.

CORYN, J.

On April 2, 1959, the Circuit Court of Will County granted the plaintiff, Mary Alice Kelleher, a divorce from the defendant, Charles Kelleher. The divorce decree provided, inter alia, that the plaintiff have the custody of the minor children born as issue to said parties, namely, Colleen Marie, then about four years of age; Catherine Alice, then about three years of age; and Kevin Charles Gerard, then about two years of age, and further provided that the defendant was to pay to the plaintiff the sum of $220 per month for support and alimony. This decree did not state what portion of said monthly payment was for alimony and what portion for child support. In February of 1965, the plaintiff filed a petition requesting an increase in child support and alimony, alleging that there had been a change in circumstances since the original divorce decree in that cost of living and the needs of the children had increased, and that subsequent to the original decree, it was discovered that Colleen Marie was a retarded child, thereby necessitating additional expense

411

for special schooling and care, and that the defendant's ability to pay had greatly increased.

A hearing was had on this petition to modify the divorce decree, at which time the plaintiff testified that she and her three children now reside in Buffalo, New York. Mrs. Kelleher stated that since the divorce she was compelled to go to work and that she is presently employed by the New York Telephone Company and has a take-home pay of approximately $69 per week. She lives with her mother and contributes $75 a month to her mother's monthly mortgage payment. She also pays the food bills and other household expenses for this home, and in return her mother takes care of the children, thereby enabling her to work. The plaintiff testified that her monthly expenses were as follows: $75 for rent, in the form of a contribution to her mother's monthly mortgage payment; $33 for heat; $13 for light; $140 for groceries; $45 for clothes; $10 for dentist; $25 for drugs; $15 for hospitalization insurance; $30 for medical expenses; $85 for automobile payment; and $21 for tuition; this being an itemized total of $492 per month. Plaintiff further testified that her total monthly expenses were approximately $702, there being in addition to the itemized expenses, approximately $200 more per month in expenses for such items as laundry, dry cleaning, school expenses, maintenance for automobile and house, gasoline for automobile, and taxes. Mrs. Kelleher stated that she had to incur debt and seek financial assistance from her brother in order to support her family. Plaintiff further testified that it was not definitely known until after the divorce that Colleen was a retarded child, and that Colleen now requires special care, medication, and is attending the Cantalician School, which is a private school for mentally retarded children, where she gets constant attention and psychiatric treatment. Also, since the original divorce decree, Catherine has incurred in-

juries to her knee caps which have resulted in some disability and additional medical bills.

The defendant testified that at the time of the divorce in 1959, his gross salary was between $8,200 and $9,200 per year. The defendant presently earns $17,600 per year, his gross pay per month being $1,583.33. From this amount there is deducted the sum of $158.95 for withholding tax, $52.11 for social security, $8.33 for insurance, $14.25 for disability insurance, $95 for contribution to savings plan, $5 to the United Fund, leaving a net take-home pay of $1,249.69 per month. The defendant has remarried and he and his second wife have two children. They live in a $32,000 house, which has a balance on its mortgage of approximately $23,800, and they own two automobiles. The defendant stated that his monthly expenses were as follows: $217 for mortgage; $25.67 for home improvement loan; $119.39 for additional loan; $96 for automobile loan; $26.55 for life insurance to cover home mortgage; $7.67 life insurance premium; $22.70 to G. E. Credit Corp.; $22 contribution to church; $5 to Maryknoll Fund; $30 for automobile insurance; $50 unreimbursed auto expense; $26 for heat and gas; $11 for lights; $13 for phone; $50 for laundry and dry cleaning; $25 for clothing; $45 for country club; $25 for dues to plant managers' association; and $200 for unreimbursed business entertainment, which items total $1,016.98 per month. In addition, of course, the defendant was compelled to pay $220 per month to the plaintiff for alimony and support. Mr. Kelleher admits that it was not established at the time of divorce that Colleen was a retarded child.

At the conclusion of this hearing, the trial court entered an order directing the defendant to continue to pay to the plaintiff the sum of $220 per month for alimony and support, and to pay an additional $250 per year for tuition for the minor child, Colleen, at the special school for

retarded children. It is from this order that the plaintiff appeals arguing that the Circuit Court abused its discretion by failing to increase the monthly alimony and support payments.

Section 19 of the Divorce Act (Ill Rev Stats, c 40) authorizes the court to modify those provisions of a divorce decree pertaining to support of children where changed conditions of the parties require it in reason and justice. The issue on a hearing for a petition to modify a divorce decree to require the former husband of petitioner to pay an increased amount for support of the children of the parties, is whether there have been material changes in the circumstances of the parties since the entry of the divorce decree. An increase in monthly support payments is warranted when the evidence establishes that the needs of the children have increased, and the means of the father have also increased so as to enable him to contribute additional sums to his children's support. The burden of proof is on the petitioner to clearly establish the increased need and corresponding increased ability to pay. Patterson v. Patterson, 28 Ill App2d 76, 170 NE2d 11. The findings and order of the trial court, on matters of this nature, will not be reversed unless contrary to the manifest weight of the evidence.

Courts of review are reluctant to modify or change divorce decrees relating to support of children and unless the evidence clearly so requires, no such modification should be made upon review. We feel, however, that the situation which confronts us in this case establishes facts in the record which require such action by the court. We have carefully reviewed the evidence in this case, and are of the opinion that the increased need of the children was clearly established. At the time of the divorce all three children were of preschool age, and now they are all enrolled in school, thereby necessitating additional expenses. Also, there can be no doubt that the cost of living has risen since 1959. More important,

however, is the fact that it was not ascertained until after the divorce decree that Colleen was a mentally retarded child in need of special care, treatment, and schooling. The evidence further established that the defendant, since the divorce from the petitioner, has prospered, his gross income per year having increased from $8,200 to $17,600. While it is true that the defendant's living expenses have also increased, the fact that the defendant, by his own admission, saves $95 per month, spends $45 for country club, and an additional sum of $200 for entertainment, indicates his ability to pay additional sums for child support.

We conclude that the trial court erred in refusing, under the evidence in this record, to increase the monthly allowances for child support. While the discretion to determine such matters is initially vested in the Chancellor, his determination must be set aside on review where the record fails to show that the welfare and best interests of the children was the controlling consideration for the decree entered. The record here incorporates all the evidence of the parties on the issue presented, and no right of trial by jury is involved. In such a case, under the provisions of § 32.1 of ch 37, Ill Rev Stats, and § 92 of ch 110, Ill Rev Stats, this court may exercise such jurisdiction as is necessary to the complete determination of any cause on review. Accordingly, we find that the evidence shows that there is needed for the support of the minor children of the parties hereto the additional sum of $80 per month, as well as the additional sums decreed for tuition and medical expense, and that the defendant is well able to pay said additional sums therefor.

■■■ Accordingly, that portion of the order of the Circuit Court of Will County, dated March 5, 1965, dealing with support is hereby reversed. The Circuit Court of Will County is hereby directed to enter an order modifying the original divorce decree so as to provide that the

defendant shall pay to the plaintiff, through the office of the Circuit Clerk of Will County, the sum of $300 per month for support and alimony; that the defendant shall pay the annual tuition of $250 for the special schooling required for Colleen; and that the defendant shall pay all extraordinary dental, hospital, and medical expenses incurred on behalf of the three minor children of the parties, provided, that the plaintiff seasonably notify the defendant of such expenditures, and otherwise cooperate with the defendant in processing claims for such expenses with the defendant's insurance carriers.

Reversed in part and remanded with directions.

ALLOY and STOUDER, JJ., concur.