*In re* SUPPORT OF CHRISTIAN ALLEN LUTHY *et al.*, Minors.—(GAIL A. LUTHY, a/k/a Gail Luthy Clark, Plaintiff-Appellant, *v.* CHARLES F. LUTHY, Defendant-Appellee.)

Third District    No. 80-220

Opinion filed April 30, 1981.

BARRY, J., specially concurring.

Thomas J. O'Brien, of Kansas City, Missouri, for appellant.

Ralph Froehling, of Froehling, Taylor & Weber, of Canton, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Gail Luthy Clark appeals from a denial of her petition to increase child support to two of her children, Christian Allen and Kristin Gail. Mrs. Clark was divorced from Charles F. Luthy in January of 1967. Under the divorce decree, Mr. Luthy was ordered to pay $100 per month support for each of the couple's four children. Since that time, the eldest child has come of age and the next eldest has gone to live with Mr. Luthy. The petition for increased child support therefore affects only the two younger children. The petition for increased child support was filed by Mrs. Clark in 1979, and the case was tried in January of 1980. The court denied Mrs. Clark's petition, but modified the support decree to conform with the actual amount of support then being paid by Mr. Luthy, $150 per month for each of the two younger children. This amount included $50 per month that Mr. Luthy had voluntarily added. Thus, the court has effectively raised Mr. Luthy's support obligation by $50 per month per child. Mrs. Clark appeals this judgment and the denial of her attorney's fees.

"[T]he provision of any judgment respecting * * * support may be modified * * * only upon a showing of a substantial change in circumstances." Ill. Rev. Stat. 1979, ch. 40, par. 510(a).

The trial judge found that, although the needs of the children have increased as a result of their growing older and the general increase in the overall cost of living, the children, "their futures protected by trusts, their mother well-employed and financially solvent, cannot be described as in need." The court additionally found that there has been no increase, substantial or insubstantial, in Mr. Luthy's ability to pay support.

The trial judge, in his letter advising the parties of his decision and reasons therefor, observed:

> "An increase in child support is justified only when the needs of the children and the earnings of the supporting parent have increased. (*Kelleher v. Kelleher* (3d Dist. 1966), 67 Ill. App. 2d 410, 214

N.E.2d 139; *Heady v. Simmons* (5th Dist. 1975), 25 Ill. App. 3d 978, 324 N.E.2d 100.)

\* \* \*

With regard to the Respondent's ability to pay, neither the testimony nor the exhibits demonstrate an increase in Luthy's income, let alone a substantial increase. \* \* \*"

The court's reliance on the standard enunciated in *Kelleher*, that increased support is warranted only when *both* the needs of the children *and* the ability to pay of the noncustodial parent have increased, is erroneous.

"The *Kelleher* authority commanded unwavering adherence for more than ten years." However, "[t]he 1977 term of court witnessed a shift in focus from the rigid language of *Kelleher* to the more flexible standard of *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 1000, 367 N.E.2d 512, 513, [where we stated], '[C]hild support is to be determined "by accommodating the needs of the children with the available means of the parties".' \* \* \*. \* \* \* Child support payments must necessarily reflect a balance of the intensity of the child's need with the ability of the parents to provide for that need. When a material change has occurred creating a substantial imbalance between the child's needs and the parent's support capabilities, then the Marriage and Dissolution of Marriage Act as well as the *Swanson* decision requires modification. Ill. Rev. Stat. 1977, ch. 40, par. 510(a)." *In re Sharp* (1978), 65 Ill. App. 3d 945, 948-49, 382 N.E.2d 1279, 1282-83.

The needs of the children should be considered with the available means of both parents to contribute to or satisfy those needs. The accommodation or balance between the needs of the children and means of providing support is not dependent alone upon the existence or nonexistence of an increase in the income of the supporting parties. The inequity of the *Kelleher* standard is illustrated by a simple example. Suppose the needs of the children have increased substantially, but neither parent has enjoyed an increased ability to pay. Because the noncustodial parent's ability to pay has not substantially increased, modification would be denied under the *Kelleher* standard. Unless the children's increased needs were met by a third source, such as a trust, the entire increase in the support burden would shift to the custodial parent, even though that parent's ability to pay has not increased. It is, therefore, clear that equity demands a balancing of the relative abilities of the parents to provide for the needs of the children.

■ The trial court erred in holding that modification is allowable only upon a showing that the noncustodial parent's ability to pay has increased. We, therefore, reverse the judgment of the trial court, and remand for reconsideration of this cause in a manner consistent with the legal

standard stated herein. On remandment, the court should consider all relevant factors in making its determination, including the income and other assets of both the parents, and the income and assets of the children. ■■ The petitioner also argues that the trial court erred in denying her attorney's fees of $500. The court has discretionary power to order either spouse to pay reasonable costs and attorney's fees incurred by the other spouse. In exercising its judgment on this matter, the court is to consider the financial resources of the parties. (Ill. Rev. Stat. 1979, ch. 40, par. 508(a).) We believe the issue of attorney's fees cannot be resolved appropriately on this appeal. Although the court's finding, that the petitioner is "well employed and financially solvent," is supportive of its decision to deny her attorney's fees, it is also possible that the trial court's decision on attorney's fees was based in part on his holding that the petitioner was not entitled to succeed on her petition. We, therefore, believe that the question of attorney's fees should remain open for further argument upon remandment.

For the reasons stated, the judgment of the Circuit Court of Fulton County is reversed and the cause is remanded for reconsideration.

Reversed and remanded.

STOUDER, J., concurs.

Mr. JUSTICE BARRY, specially concurring:
Although I concur with the result attained by the majority in this cause, I do not believe the facts of this case justify the complete abandonment of the standard enunciated by this court 15 years ago in *Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 214 N.E.2d 139.

In *Kelleher*, this court stated that "[a]n increase in monthly support payments is warranted when the evidence establishes that the needs of the children have increased, and the *means* of the father have *also increased* so as to enable him to contribute additional sums to his children's support. The burden of proof is on the petitioner to clearly establish the increased need and *corresponding ability to pay.*" (Emphasis added.) (67 Ill. App. 2d 410, 414, 214 N.E.2d 139, 141.) As we pointed out in *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279, recent decisions of this court have not rigidly applied this standard. Neither, however, have they rejected it. Instead, they have tempered the *Kelleher* standard by applying a more flexible balancing approach. (*Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 373 N.E.2d 829; *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 367 N.E.2d 512.) Under this balancing approach, increased need of the children and increased ability to pay on the part of the noncustodial parent are not the sole determinants of a decision to modify a prior child

support order. Rather, they are just two, albeit the most important, of a number of factors to be weighed by the court in determining whether an increase in child support is necessitated. Other factors include the ages of the parties, their condition of health and station in life, and the income and property of both the custodial and noncustodial parents. *Swanson.*

Although the majority opinion here recites that the trial court's reliance upon *Kelleher* and its failure to utilize the balancing approach dictated by *Swanson, Sullivan,* and *Sharp* in denying Mrs. Clark's petition to increase child support was erroneous, it appears that the real basis for reversal is the trial court's error "in holding that modification is allowable only upon a showing that the non-custodial parent's ability to pay has increased." If this is indeed the case, I view the portion of the majority opinion relating to the impropriety of the *Kelleher* standard as dicta, since the real reason for reversal is a misinterpretation of and a misapplication of the *Kelleher* standard by the trial court. The appropriate part of the *Kelleher* test is whether the means or ability to pay "so increased." The trial court's findings and letter to the participants erroneously suggest it did not determine any increased "earnings" or "income" available to Mr. Luthy. It is apparent from the foregoing that this case does not present a proper forum in which to announce a complete and total abandonment of the *Kelleher* standard. I believe the proper case for such an action would be one in which the two-pronged *Kelleher* test is not met, yet equity demands a modification of the prior support order.

Here, however, the allegedly inequitable nature of the *Kelleher* standard need not be addressed because the lower court committed reversible error in misapplying it. Had the trial court correctly applied the *Kelleher* requirements to the facts of this case it is clear Mr. Luthy's support payments would have been increased in excess of the extra $100 per month he voluntarily agreed to pay. Although his earnings may not have increased in a strict sense, he nevertheless has an increased ability to pay a greater amount of child support. His annual gross income exceeds $50,000, and the net value of all his assets is between $100,000 and $200,000. When there is evidence of an increased ability to pay, increased need is established by the fact that since the entry of the original child support order the children have grown older and the cost of living has increased. (*Addington v. Addington* (1977), 48 Ill. App. 3d 859, 363 N.E.2d 151.) It should be here noted, however, that though the trial court found increased need, it believed them not in need because Mrs. Luthy was "well employed."

In short, had this case been one in which the proper application of the *Kelleher* standard had led to an inequitable result, I might concur with the majority that the time had come for a complete departure from *Kelleher.* However, given the fact that the trial court misapplied *Kelleher* when a

proper application might have resulted in increased child support payments, the majority's rejection of *Kelleher* is an unnecessary and premature step which beclouds its holding. I believe the majority opinion may lead to confusion among the bench and bar, and will tend to encourage unreasonable numbers of petitions for increased support for lack of the firm and established guidance of the *Kelleher* standard.