*In re* MARRIAGE OF BRADLEY WOGMON DANIELS, Plaintiff-Appellee, and TAMI LYNN DANIELS, Defendant-Appellant.

Fifth District   No. 82—546

Opinion filed April 27, 1983.

Burger, Fombell, Dvorak, Baxter & Zachry, P.C., of Decatur, for appellant.

Meyer & Meyer, of Greenville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Tami Lynn Daniels appeals from the judgment of the circuit court of Fayette County denying her petition to increase the $100 per month child-support allowance made pursuant to the December 1981 judgment of dissolution of her marriage to Bradley Wogmon Daniels. Tami claims that the trial court did not apply the proper law in determining whether modification was warranted.

Tami and the parties' only child live with Tami's parents. Tami does not pay rent or utilities but has estimated her expenses for food, clothing, and gas of $325 a month. She has diaper expense of $25 per month. Other than this expenditure it is apparent her estimate of expenses include her expenses as well as the child's. Tami secured temporary employment at $750 per month, replacing an employee on maternity leave at the county courthouse for three months, shortly after the dissolution but is now unemployed. There was no evidence of the child's expenses at the time the original support order was made.

Bradley earns $300 a month on a farm owned by his father and grandfather which he supplements with part-time work when available. At the time the original decree was entered he earned $700 a month. Bradley is furnished a home and is not required to pay rent or utilities. He expends $50 a month for food and has additional expenses for clothing and two horses which he owns as a hobby. He spent approximately $800 to attend a horse breeding school in Texas. He purchased a Honda motorcycle in May 1981, prior to the entry of the dissolution decree.

Under section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)), child support

may be modified only upon a showing of a substantial change in circumstances. The burden of proof is on the party seeking modification. (*Gaines v. Gaines* (1969), 106 Ill. App. 2d 9, 245 N.E.2d 574.) The trial court's order stated that no showing of a substantial change in circumstances had been made as to Bradley Daniels' financial situation to warrant the requested increase in support. Tami argues the order makes it clear that the trial court's decision was based on the reasoning of *Kelleher v. Kelleher* (1966), 67 Ill. App. 2d 410, 214 N.E.2d 139, which she argues is no longer good law.

In *Kelleher* the court held that an increase in monthly support payments is warranted when the evidence establishes an increased need by the children and a corresponding ability of the noncustodial parent to pay. (67 Ill. App. 2d 410, 414, 214 N.E.2d 139, 141.) The court reversed the lower court's decision to deny modification, citing evidence of special educational needs for one child and a substantial increase in the father's income. In *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 367 N.E.2d 512, the same court stated that child support should be determined by " 'accommodating the needs of the children with the available means of the parties.' " (51 Ill. App. 3d 999, 1000, 367 N.E.2d 512, 513.) Both decisions were reviewed in *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279. There the court stated:

> "It is still incumbent upon the court to consider *both* the needs of the children *and* the ability of the former spouses to pay when considering a petition to increase child support. But, instead of marching in step to some precise equation of percentage change, the court considers the children's needs as ranging from the bare necessities to the practical, to the useful, to the luxurious. Similarly, the court considers whether the means of each spouse has changed absolutely, has changed relative to the other, and has changed relative to the children's needs. The court must then accommodate, or adapt, or harmonize all these considerations to determine whether an increase in support is justified. Child support payments must necessarily reflect a balance of the intensity of the child's need with the ability of the parents to provide for that need. When a material change has occurred creating a substantial imbalance between the child's needs and the parent's support capabilities, then the Marriage and Dissolution of Marriage Act as well as the *Swanson* decision requires modification." 65 Ill. App. 3d 945, 949, 382 N.E.2d 1279, 1282-83.

It was noted that *Swanson* was a more flexible standard. The

court's discontent with *Kelleher*, requiring both increased need and increased ability to pay, was reiterated in *In re Support of Luthy* (1981), 95 Ill. App. 3d 987, 420 N.E.2d 764.

■ We believe that section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)) and the case law make clear that the paramount consideration of the court is to determine whether a substantial and material change has intervened since the original support allowance was made. While the needs of the child and the financial status of the noncustodial parent are important factors in making the decision, the court must also consider the financial resources of the child, the financial status and needs of the custodial parent, the standard of living the child was accustomed to prior to dissolution, and the physical and emotional needs and educational needs of the child. (Ill. Rev. Stat. 1981, ch. 40, par. 505; *In re Marriage of Raidbard* (1980), 87 Ill. App. 3d 158, 160, 408 N.E.2d 1021, 1023.) Finally, a trial court's decision to deny modification of child-support payments will not be disturbed on review unless it involves a clear abuse of discretion. *Winter v. Winter* (1978), 69 Ill. App. 3d 359, 364, 387 N.E.2d 695, 699.

Here, the trial court's order stated that section 510 of the Act permits modification *only* when there is a showing of substantial change in circumstances. The court then stated that respondent's financial circumstances had not changed to warrant an increase in support.

■ We believe that the court may have erred in applying the incorrect standard. Admittedly, there was no evidence that the financial status of either party has changed significantly. Bradley's income is apparently lower than at the time of dissolution, or at least has become unpredictable due to his reliance on part-time work for income. It is immaterial that Tami lost her temporary job since she was unemployed when the original support allowance was made. There was no showing of educational needs or a concern for the child's health. In fact, the record is devoid of evidence of the child's expenses at the time the support allowance was determined. The current expenses Tami testified to were, by her own admission, merely estimates.

Without expressing an opinion on an amount we would consider proper, we reverse and remand for a reconsideration of child support applying the proper standard herein stated.

Reversed and remanded.

HARRISON, P.J., and JONES, J., concur.