TINA MARIE DEARDEUFF, Plaintiff-Appellant, v. KENNETH DEAR-DEUFF, Defendant-Appellee.

Fifth District   No. 5—85—0636

Opinion filed November 7, 1986.

William C. Evers III, of Collinsville, for appellant.

A. Robert Kassin, of Sherwood & Kassin, of Bethalto, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Tina Marie Deardeuff, appeals from a judgment of the circuit court of Madison County which granted her motion to modify a prior decree awarding child support, but awarded lower support payments than she had requested. As grounds for her appeal, plaintiff contends that the trial court's judgment must be set aside for failure to comply with the requirements of section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a)). We affirm.

The basic facts are not in dispute. Plaintiff and defendant, Kenneth Deardeuff, were married in 1971. Two children were born of that marriage. On April 16, 1979, the circuit court of Madison County entered a judgment dissolving the marriage and granting custody of the two children to plaintiff. The court further ordered defendant to pay plaintiff the sum of $50 per child every two weeks, for a total child-support obligation of $100 every two weeks. By order dated April 13, 1981, however, defendant was adjudged to be in arrears of his child-support payments in the amount of $3,700. By a subsequent order of the court, entered February 6, 1985, defendant was found to have accumulated an additional arrearage from April 18, 1981, through February 8, 1985, in the amount of $8,000. That order required defendant to pay $100 per month toward the arrearage plus an amount equal to his State and Federal income tax refunds for the years 1984 and thereafter until the arrearage was paid off, in addition to his current support obligation of $100 every two weeks.

On May 17, 1985, plaintiff filed a "Motion to Modify to Increase Child Support," alleging that no increase in child support had been made since the original decree of dissolution in 1979, but that the circumstances of the children had changed and that defendant had a greater ability to pay child support. Plaintiff requested that child-support payments be increased to at least 25% of defendant's disposable income, plus costs and attorney fees. This figure was based on the guidelines set forth in section 505(a) of the Illinois Marriage and Disso-

lution of Marriage Act (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a)).

A hearing on plaintiff's motion was held on August 28, 1985, at which evidence was adduced regarding the parties' respective incomes and expenses and the alleged change in circumstances. That evidence, which is before us through a bystander's report filed pursuant to Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)), showed, *inter alia,* that defendant's take-home pay averaged $620 every two weeks, without overtime, in 1985, and that defendant was not currently working overtime. His gross income in 1984 was $21,145, on which he paid $2,106 in Federal income tax, $496 in State income tax and $1,414.01 in social security payments. In addition, he paid $273 in union dues. He was apparently not subject to a mandatory pension deduction and made no payments for health insurance coverage. At the time of the hearing, defendant claimed that his current monthly expenses averaged $1,025.77 per month. Plaintiff, for her part, testified that "her current income is on a part time basis and averages $102.82 per week." Her expenses, "pro-rated for the support of the two minor children" averaged $950 per month.

The circuit court disposed of plaintiff's motion by an order dated September 9, 1985. In that order, defendant was required to pay $250 per month in child support, plus $100 per month on the accumulated arrearages previously established by the court, commencing September 16, 1985. Plaintiff now appeals on the sole ground that the circuit court's order fails to comport with section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a)). Specifically, plaintiff argues that she was entitled under that statute to 25% of defendant's net income for child support, which sum she calculates to be $335.83 per month, in addition to the $100-per-month arrearage payments defendant has been ordered to make. She arrived at this figure by multiplying defendant's 1985 average net income of $620 every two weeks by 26 to produce an estimated average net annual income of $16,120, dividing this amount by 12 for an estimated average net monthly income of $1,343.33, then multiplying $1,343.33 by 25%, which the statute sets as the factor for determining the minimum amount of support for two children. Plaintiff contends that the trial court could award her no less without making specific findings as to the reasons for its departure from the statutorily prescribed amount, and that because no such findings were made here, the trial court's order must be reversed. We disagree.

Motions to modify judgments awarding child support are governed by section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 510(a)). That statute

provides, among other things, that a modification of a judgment respecting child support may be made "only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1983, ch. 40, par. 510(a); *In re Marriage of Butler* (1982), 106 Ill. App. 3d 831, 837, 436 N.E.2d 561, 565.) The burden of demonstrating such a substantial change in circumstances is on the party seeking the relief. *In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 482, 426 N.E.2d 237, 240.

Motions to modify child support must be decided on the facts and circumstances of each case. Consequently, the modification of child-support payments rests with the sound discretion of the trial court, and the trial court's determination will not be disturbed on review absent an abuse of that discretion. (*In re Marriage of Butler* (1982), 106 Ill. App. 3d 831, 837, 436 N.E.2d 561, 565.) In making its determination, the trial court must consider "all relevant factors, including:

(1) the financial resources of the child;

(2) the financial resources and needs of the custodial parent;

(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

(4) the physical and emotional condition of the child, and his educational needs; and

(5) the financial resources and needs of the non-custodial parent or parents." (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 296, 283 N.E.2d 1229, 1233.)

(See also *In re Marriage of Daniels* (1983), 115 Ill. App. 3d 173, 176, 450 N.E.2d 361, 362-63.) These factors are the same as those which must be weighed, under section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a)) when the court formulates its original support order. (*In re Marriage of Chalkley* (1981), 99 Ill. App. 3d 478, 482, 426 N.E.2d 237, 240.) This does not mean, however, that section 505(a) itself should be construed to govern modification motions.

As our supreme court has often stated, the primary rule of statutory construction is to ascertain and effectuate the legislature's intent. In so doing, a court looks first to the statutory language. If the language is clear, the court must give it effect and should not look to extrinsic aids for construction (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) Section 505(a) states unambiguously that it applies in

"a proceeding for dissolution of marriage, legal separation, declaration of invalidity of marriage, a proceeding for child support following a dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or any proceeding

authorized under Section 601 of this Act ***." (Ill. Rev. Stat., 1984 Supp., ch. 40, par. 505(a).)

Motions to modify support where, as here, custody remains unchanged, do not fall within any of these specified categories. While reasonable men might differ as to the wisdom of such an exclusion, " '[t]here is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' " (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151-52, 485 N.E.2d 1076, 1079.) Properly speaking, the statute therefore does not apply at all. The substantive factors it enumerates have simply been adopted by the courts of this State as a point of reference for determining motions filed pursuant to section 510(a). For this reason, we cannot say that section 505(a) required the trial court here to either adhere to the minimum percentage guidelines of that statute or else to make specific findings to explain its departure therefrom.

A contrary result was reached by a divided panel of the Appellate Court for the Second District in *In re Marriage of Erickson* (1985), 136 Ill. App. 3d 907, 918, 483 N.E.2d 692, 700-01. Apparently the majority simply assumed that because the factors relevant to support modification motions have been held to be the same as those enumerated in section 505(a), then all aspects of section 505(a) must be binding on modification motions. It failed to explain, however, how its interpretation could be squared with the plain language of section 505(a). We believe that the correct view was taken by Justice Unverzagt in his dissent when he stated:

"New section 505(a) governs cases in which the trial court is making an initial determination of child support or an initial award of child support and maintenance, not, as occurred here, the termination of maintenance and the modification of child support." 136 Ill. App. 3d 907, 919, 483 N.E.2d 692, 701 (Unverzagt, J., dissenting).

■ There is no dispute that plaintiff has met her burden of establishing a substantial change in circumstances, and that some increase in support payments was warranted. Nevertheless, we find no basis for holding that the amount set by the trial court constituted an abuse of discretion. For the reasons set forth above, the judgment of the circuit court of Madison County is therefore affirmed.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.