DEBORAH JEAN WILSON, n/k/a Deborah Jean Fredenberg, Plaintiff-Appellee, v. CHARLES LEE WILSON, Defendant-Appellant.

Fourth District No. 4—87—0512

Opinion filed March 9, 1988.

Mary M. Albert, of Brighton, for appellant.

James R. Heil, of Alton, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

The original decree of dissolution of marriage was entered in this case on April 26, 1974. The decree provided that Deborah Jean Wilson, the plaintiff, was to have the care, custody, control and education of the sole minor child of the parties, Chelsea Nicole Wilson, who had been born October 6, 1972. The original decree of dissolution provided that defendant was to pay to plaintiff the sum of $35 per week for child support.

On September 28, 1981, the circuit court entered an order providing for the modification of the original decree by stipulation between Deborah Jean Fredenberg, formerly Deborah Jean Wilson (plaintiff) and Charles Lee Wilson (defendant). The stipulated order provided that defendant would pay to plaintiff the sum of $200 per month for the living expenses and support needs and obligations of the minor child of the parties.

In September 1986, the plaintiff filed a petition to modify the child support order. On December 23, 1986, the petition to modify came on for hearing. Both of the parties were present in open court. Witnesses were sworn and evidence heard. Statements of counsel were presented and the court took the case under advisement. Thereafter, the court issued a letter decision dated January 9, 1987. An order of court modifying the original decree was entered by the court on January 27, 1987, providing that child support be increased from $200 per month to $300 per month and that defendant pay $300 towards the attorney fees incurred by the plaintiff in presentation of her petition for modification.

Thereafter defendant filed his post-trial motion on February

5, 1987. On June 29, 1987, a letter decision denying the post-trial motion was entered by the trial judge. Defendant filed a timely notice of appeal from the trial court's order on July 29, 1987. The first argument raised by defendant on appeal is that the trial court abused its discretion by increasing his child support obligation from $200 to $300 per month. As the Illinois Supreme Court stated in *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 296, 483 N.E.2d 1229, 1233:

> "The modification of child-support payments lies within the sound discretion of the trial court, and the trial court's modification will not be disturbed on appeal, absent an abuse of discretion. (*In re Marriage of Kessler* (1982), 110 Ill. App. 3d 61, 73; *In re Marriage of Edelstein* (1980), 82 Ill. App. 3d 574, 576; *Imes v. Imes* (1977), 52 Ill. App. 3d 792, 796.)"

Pursuant to section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 510), the provisions of any judgment respecting maintenance or support "may be modified *** only upon a showing of a substantial change in circumstances."

Defendant relies upon *Harner v. Harner* (1982), 105 Ill. App. 3d 430, 434 N.E.2d 465, for the proposition that in order for modification of child support to be granted, the movant must establish both that the needs of the child and the supporting parent's ability to pay have increased, and that the proof of increased needs is no longer met by showing the passage of time or the increased age of the child. However, as it is stated in the supplement to historical and practice notes to section 510 of the Act:

> "The traditional rule [is] that to establish grounds for modification of a child support order it is necessary to establish an increased need by the children and a corresponding increased ability of the noncustodial parent to pay. See, *e.g., Kelleher v. Kelleher*, 67 Ill. App. 2d 410, 214 N.E.2d 139 (3d Dist. 1966). In recent years a more flexible standard has been used by the Appellate Court for the Third District under which a material change in circumstances may be established by proof of a 'substantial imbalance between the child's needs and the parent's support capabilities.' See, *e.g., In re Support of Sharp*, 65 Ill. App. 3d 945, 949, 382 N.E.2d 1279, 1283, 22 Ill. Dec. 581, 585 (3d Dist. 1978) and cases cited in the Historical and Practice Note to §510(a) in the permanent volume, p. 699. See also *Ingwerson v. Woeckener*, 141 Ill. App. 3d 647, 490 N.E.2d 1008, 95 Ill. Dec. 916 (3d Dist. 1986) ('substantial imbalance' test clarified); *In re Support of Luthy*, 95 Ill. App. 3d 987, 420

N.E.2d 764, 51 Ill. Dec. 350 (3d Dist. 1981). The Appellate Court for the Fifth District in the case of *In re Marriage of Daniels*, 115 Ill. App. 3d 173, 450 N.E.2d 361, 70 Ill. Dec. 888 (5th Dist. 1983), like the Third District, has ceased using the *Kelleher* test, supra, and has ruled that although the needs of the child and the financial circumstances of the noncustodial parent are both 'important factors' in making the decision to modify child support, the court must consider all of the factors listed in section 505 of the Act. See also *Giamanco v. Giamanco*, 111 Ill. App. 3d 1017, 444 N.E.2d 1090, 67 Ill. Dec. 606 (5th Dist. 1982); *In re Marriage of Raidbard*, 87 Ill. App. 3d 158, 408 N.E.2d 1021, 42 Ill. Dec. 312 (1st Dist. 1980). In the case of *In re Marriage of Bussey*, 108 Ill. 2d 286, 483 N.E.2d 1229, 91 Ill. Dec. 594 (1985), the Supreme Court of Illinois added a further aspect to the rule, in holding that where the noncustodial parent admittedly has the ability to pay support in excess of the stated needs of the children, the court may order child support in excess of the needs, to enable the child to enjoy the standard of living he would have had if the marriage had not been dissolved. See §505(a)(2)(c). The implication of this holding is that child support may be subject to modification based upon the obligor's increased ability to pay, whether or not the needs of the children have also increased." Ill. Ann. Stat., ch. 40, par. 510, Historical and Practice Notes, at 133 (Smith-Hurd Supp. 1987).

We agree with the foregoing interpretation of *Bussey* and the other cases cited in the foregoing excerpt from the historical and practice notes, and conclude that child support obligations may be increased pursuant to section 510 of the Act based upon the supporting parent's increased ability to pay, regardless of whether the child's needs have also increased. *Bussey*, 108 Ill. 2d 286, 483 N.E.2d 1229; *In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.

■ In the instant case, the evidence in the record reveals that plaintiff is not employed and has no income of her own. The trial court found defendant's gross monthly income to be $1,800, or a gross annual income of $21,600. This finding is supported by competent evidence in the record. It appears that defendant's gross income in 1986 was approximately $18,000. Defendant's counsel indicated that defendant's gross income in 1981 was $14,567. Thus, we conclude that an increase in defendant's income since the last time the order for child support was modified in 1981 has been shown.

Plaintiff is now remarried, and her husband is a union painter. It

is apparent from the record that plaintiff and her family barely make ends meet, and they certainly do not lead a luxurious life-style. Plaintiff claims that the average monthly expenses for Chelsea are $474.82. Defendant did not dispute this figure, and we are of the opinion that this figure is quite reasonable. Thus, even at the new child support rate of $300 per month, plaintiff's husband is paying approximately $174.82 per month to support defendant's daughter.

The record reveals that plaintiff has a limited educational background, no specific employment skills, and considerable medical problems, and that she lives in an area with a depressed economy with extremely limited employment prospects. On the other hand, plaintiff has an annual gross income of approximately $21,600, he owns a 1985 automobile, and he has a one-half interest in a house.

Under the circumstances of the instant case, where it would be difficult if not impossible to determine the child's expenses in 1981, where plaintiff has no income and no prospects of employment, and defendant is earning a gross income of $1,800 per month, we do not believe that the trial court abused its discretion by increasing defendant's child support obligation from $200 per month to $300 per month.

■ Defendant also contends that the trial court abused its discretion by ordering him to pay $300 of plaintiff's attorney fees. We disagree with this contention. As the court stated in *In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 466, 426 N.E.2d 1087, 1097:

> "Where the court had evidence before it of the financial resources of both parties when ruling on the issue of attorney's fees and no hearing had been requested, the trial court's failure to conduct a hearing on the propriety of the award of attorney's fees was not error. (See *Scott v. Scott* (1979), 72 Ill. App. 3d 117, 389 N.E.2d 1271.)"

In the instant case, no hearing was requested, and the trial court was well aware of the financial resources of the parties.

As we previously stated, plaintiff is not employed, has no income, and has limited financial resources, whereas defendant is gainfully employed. Plaintiff's attorney prepared and filed numerous documents in this case, including the petition, answers to extensive interrogatories, a detailed affidavit of assets and liabilities, a response to a counterpetition not involved in the instant appeal, an affidavit of compliance with requests to produce documents, and a proposed order in this cause. Under these circumstances, and considering the relative financial situations of the parties, we cannot say that the trial court abused its discretion by ordering defendant to pay $300 of plaintiff's

attorney fees.

For the reasons stated herein, the order of the circuit court which increased defendant's child support obligation from $200 to $300 and ordered him to pay $300 of plaintiff's attorney fees incurred in this case is hereby affirmed in all respects.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.