*In re* MARRIAGE OF CARRON GAY BEAN, Plaintiff-Appellee and Cross-Appellant, and JERRY OWEN BEAN, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 5—87—0671

Opinion filed March 30, 1989.

Crowder & Scoggins, Ltd., of Columbia (Mark S. Rohr, of counsel), for appellant.

Steven E. Katzman, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

On September 16, 1986, the circuit court of St. Clair County entered a judgment dissolving the marriage between plaintiff, Carron Gay Bean, and defendant, Jerry Owen Bean. In that judgment, the circuit court ordered defendant to pay plaintiff the sum of $440 per month for the care and support of the parties' minor child, Matthew Edward Bean. Approximately four months later, on January 22, 1987, plaintiff filed a motion in which she requested that the decree be modified to increase the amount of child support defendant was required to pay. Defendant, in turn, moved that the decree be modified to reduce his child support obligations. Following a hearing, the circuit court denied defendant's motion, granted plaintiff's motion, and ordered the defendant to pay $575 per month in child support, an increase of $135 per month over the amount specified in the original dissolution judgment. Defendant now appeals. Plaintiff cross-appeals. We affirm.

■ Motions to modify judgments awarding child support are governed by section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 510(a)). That statute provides, among other things, that a modification of a judgment respecting child support may be made "only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1987, ch. 40, par. 510(a).) The burden·of demonstrating such a substantial change in circumstances is on the party seeking the relief. *Deardeuff v. Deardeuff* (1986), 149 Ill. App. 3d 406, 409, 500 N.E.2d 992, 993.

Motions to modify child support must be decided on the facts and circumstances of each case. Consequently, the modification of child support payments rests with the sound discretion of the trial court, and the trial court's determination will not be disturbed on review absent an abuse of that discretion. 149 Ill. App. 3d at 409, 500 N.E.2d at 994; *Wilson v. Wilson* (1988), 166 Ill. App. 3d 1035, 1037, 520 N.E.2d 1230, 1231.

■ Defendant argues that the circuit court abused its discretion in this case because plaintiff failed to prove that the needs of the parties' minor child had increased since the dissolution judgment was entered. That plaintiff failed to substantiate any increase in the child's need can hardly be disputed. Although plaintiff attempted to identify certain categories of expense, including food, clothing and medical and dental costs, which were greater now than they had been in the past, she was unable to show that any of the claimed increases had occurred subsequent to the dissolution judgment. Post-judgment changes are, of course, the only ones which may be considered on a

motion to modify. Plaintiff urges us to look back before the dissolution here because the judgment was not entered until well after the trial in the original proceeding and circumstances had already changed substantially by the time the judgment was entered. This argument is not well taken. If circumstances changed following the original trial, plaintiff should have brought such changes to the circuit court's attention before judgment was entered. There is nothing in the record before us which would excuse her failure to do so in this case. Under such circumstances, plaintiff cannot use a motion to modify as a vehicle for launching a collateral attack on the accuracy of the evidence upon which the circuit court relied in formulating its judgment.

Although plaintiff was unable to substantiate that the child's needs had increased subsequent to the dissolution, this does not mean that the circuit court abused its discretion in granting her motion to modify. Child support obligations may be increased pursuant to section 510 of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 510) based upon the supporting parent's increased ability to pay, regardless of whether the child's needs have also increased. (*Wilson v. Wilson* (1988), 166 Ill. App. 3d 1035, 1038, 520 N.E.2d 1230, 1232.) Here, such an increase in ability to pay occurred. Following the dissolution judgment, defendant received a substantial increase in his income. Previously he had earned $665 a week plus an additional $187 which he received once a month for work done on Sunday. This was increased to approximately $800 a week plus $200 once a month for Sunday work. Defendant estimated that the net increase in his income as a result of this raise, after deductions, was approximately $287 a month.

Defendant protests that this increase in his income was offset by additional expenses which he has been forced to incur. The record indicates, however, that his own living expenses remained modest. He indicated that his automobile expenses had increased, but the circuit court may have found this testimony vague and unpersuasive. He claimed, for example, that he now had a $200-per-month car payment, but the new car he claims to have purchased had been his mother's car and the $200-per-month payments he allegedly made were made to her. These payments were supposedly being paid by defendant to his mother at the same time defendant was residing with her without having to pay rent or make any significant contribution to defray utility expenses or the cost of groceries. Other increased expenses claimed by defendant were either insubstantial, unsubstantiated, or gratuitous, such as the contributions defendant testified he was making to his emancipated sons.

■ Defendant also claims that the circuit court should not have raised his support obligations because the evidence showed that plaintiff's income had actually increased, proportionally, more than his own. We find this argument unpersuasive. While the percentage increase in plaintiff's earnings was higher than the percentage increase in defendant's income, the actual dollar value of the increase in plaintiff's earnings was far lower. Plaintiff testified that she now grosses approximately $16,640 a year in her job as manager of a Dress Barn store, whereas she had previously grossed $15,200 per year. This was an increase of only $1,440 a year. In terms of actual take-home pay, plaintiff testified that this worked out to a mere 20 extra dollars a week. That plaintiff was able to secure this modest increase in her income hardly renders the circuit court's decision an abuse of discretion.

■ Defendant further argues that the increased child support awarded by the circuit court should be set aside because it exceeds the expenses itemized by plaintiff as being necessary for the care of the minor child. Again we disagree. Where the noncustodial parent has ability to pay support in excess of the stated needs of the child, the court may order child support in excess of the needs to enable the child to enjoy the standard of living he would have had if the marriage had not been dissolved. See *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 297, 483 N.E.2d 1229, 1234.

■ A review of the record shows that the circuit court considered all relevant factors in deciding that defendant's support obligations should be raised, and we cannot say that the court abused its discretion in ruling as it did. On her cross-appeal, plaintiff claims that she should actually have been awarded a greater amount for child support. She cites no authority in support of her position, however, and once again, we do not believe that the circuit court's ruling constituted an abuse of discretion.

■ Plaintiff also claims on her cross-appeal that defendant should have been ordered to pay at least a portion of her attorney fees. This argument is likewise without merit. Attorney fees are the primary obligation of the party for whom the services are rendered. (*In re Marriage of Jacobson* (1980), 89 Ill. App. 3d 273, 276, 411 N.E.2d 947, 949.) In a proceeding to modify a dissolution judgment, the court may, of course, order one spouse to pay some or all of the attorney fees and costs necessarily incurred by the other. (See Ill. Rev. Stat. 1987, ch. 40, par. 508(a)(2).) The awarding of attorney fees and the proportion in which the fees should be paid are matters committed to the sound discretion of the trial court, whose decision will not be dis-

turbed on appeal absent an abuse of that discretion. *In re Marriage of Piccione* (1987), 158 Ill. App. 3d 955, 964, 511 N.E.2d 1157, 1163.

Before one spouse may recover attorney fees from the other, the spouse seeking fees must demonstrate that he or she is financially unable to pay and that the other spouse has the ability to pay. (158 Ill. App. 3d at 964, 511 N.E.2d at 1163.) In this case, the fees and costs sought by plaintiff appear to be somewhat in excess of $1,100. As we have indicated, plaintiff is employed in a job which now pays her approximately $16,640 a year. She owns assets, including an automobile and an interest in the marital residence. By virtue of the judgment from which this appeal and cross-appeal have been taken, she will also be receiving an additional $135 per month for the care and support of the parties' minor child. Although plaintiff testified that she had to borrow money to meet certain expenses in connection with the marital residence and that she had incurred substantial repair costs for her automobile, we believe that there was ample basis in the record for the trial court to have concluded that she would, in fact, be able to pay her own attorney fees and costs. To be sure, defendant also has resources sufficient to enable him to bear plaintiff's fees and costs, and his financial situation is undoubtedly stronger than plaintiff's. Nevertheless, merely showing that the other spouse has a greater ability to pay attorney fees is not sufficient. (158 Ill. App. 3d at 966, 511 N.E.2d at 1165.) Accordingly, we cannot say that the trial court abused its discretion in refusing to require defendant to pay a portion of plaintiff's attorney fees.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Judgment affirmed.

WELCH, P.J., and HOWERTON, J., concur.