DANNY LEGAN, Plaintiff-Appellant, *v.* SANDRA LEGAN, Defendant-Appellee.

Third District   No. 78-328

Opinion filed March 22, 1979.

Grant, Grant & Stein, of Chicago (Jerome Marvin Kaplan, of counsel), for appellant.

Sheldon W. Reagan, of Kankakee, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Danny Legan appeals to this court from an order of the Circuit Court of Kankakee County denying a motion for rehearing of a basic order increasing the amount of child support payments by plaintiff Danny Legan by $210 per month (from $225 per month to $435 per month).

The record shows that Danny Legan and Sandra Legan, parties to the action, were divorced on March 14, 1977. The decree of divorce awarded custody of the parties' two minor children to defendant Sandra Legan and required plaintiff to pay defendant $225 per month child support.

On June 27, 1977, defendant Sandra Legan filed a petition requesting that the circuit court increase the amount of child support payments. The petition alleged that there had been a change in circumstances since the

entry of the divorce decree, particularly since plaintiff Danny Legan had more than doubled his income. Following a hearing on the petition, the trial court entered an order increasing the amount, as we have noted, to a total of $435 per month for child support.

The issue before this court on appeal is whether the trial court's finding that there had been a significant change in circumstances since the entry of the divorce decree warranted an increase in child-support payments. Sandra asserts that the original child support payments were inadequate because of the plaintiff's inability to afford adequate payments, but that Danny Legan's salary now has more than doubled what it was at the time of the entry of the divorce decree.

At the time of the separation of the parties and until April 1976, Danny had been employed at the Electro-Motive Division of General Motors in suburban LaGrange, Illinois, where he earned approximately $1416 per month net. In an apparent effort to reconcile his marriage or to reduce the driving time to work, plaintiff took a one-year leave of absence from Electro-Motive in April 1976 and took a job in Kankakee. The marital home was in Bourbonnais, just outside of Kankakee.

On April 28, 1976, Danny started working for the Kankakee County Sheriff's Police as a patrolman, at which position he earned $675 per month. He remained in that position at the same salary at the time of the divorce decree. In April 1977, seven days before the end of his probationary period, plaintiff Danny Legan was fired from the patrolman job. He then returned to his job at Electro-Motive. The court found that plaintiff's salary at Electro-Motive had increased to approximately $1435 per month net. Defendant Sandra was employed by a petro-chemical company and earned approximately $1263 per month net with overtime. The expenses for defendant and the children average $1230 per month. The trial court found that without working overtime, defendant Sandra's income would fall below expenses 10 months of the year.

The evidence as to expenses is not clearly defined but it appears that day-care expenses had increased in the neighborhood of $20 to $30 per month and there was approximately a $56 per month increase in monthly expenses. There were also increased insurance payments required. The trial court found that the $225 per month child support being paid by Danny, as ordered in the divorce decree, was "totally inadequate as to the actual needs of the children and that the only limitation which made it reasonable (at the time of the divorce decree) was the plaintiff's income."

■■ This cause is governed by the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 through 802). Section 801(b) of the Act applies to all actions commenced before the Act's effective date (October 1, 1977) with respect to issues on which a judgment has not been entered. In the instant case, the action commenced

on August 4, 1977, but the judgment was not entered until December 14, 1977. Section 510(a) of the new Act allows the provisions of a judgment respecting support to be modified "only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1977, ch. 40, par. 510(a).) What "change in circumstances" is required is left to the interpretation of the courts. That interpetation should be guided by the basic premise that the court should act in such manner as to serve the best interests of the children while giving due consideration to the rights and interests of the parents.

Plaintiff Danny contends that in order to show the required "substantial change in circumstances," the petitioning party must prove that the earnings of the supporting spouse as well as the needs of the children have increased from the time of the divorce decree to the time of the petition to modify. While we recognize that a number of cases, in prior years, have made similar statements and have come to similar conclusions, no such rigid and inequitable conditions are mandated by section 510(a) of the Act. We, also, have a factual situation of developments in the instant case which requires specific consideration to determine whether or not the judgment of the trial court was proper in the instant case. The trial court found specifically that the plaintiff's salary had more than doubled since the divorce decree and that the only reason the original child-support payments were so low was that plaintiff's limited income, at the time of the divorce, made it impossible for him to pay more. As the trial court expressed it:

> "It would seem to the court it is the intent of the law to see that the parties are required to fairly and properly take care of the children involved. In the instant case, the plaintiff's share of the actual needs of the children could not be met because of a limited income and a far greater share of the burden fell upon the defendant to the point that little or no money was left at the end of the month. Now that his [plaintiff's] income has more than doubled he should be required to contribute a fair share of these expenses."

We should first note that section 510(a) of the new Marriage and Dissolution of Marriage Act does not specifically require that there has been an increase in the children's needs before child support payments can be increased. It only refers to "a change in circumstances." In a pertinent case, a court of this State has held that there was a change in circumstances when the supporting spouse's income increased, without noted increased need on the part of the children. (See *Waltrip v. Waltrip* (2d Dist. 1972), 3 Ill. App. 3d 892, 279 N.E.2d 405.) In the *Waltrip* case the court stated:

> "* * * although we do not sanction the lack of diligence by Mrs. Waltrip in ascertaining the true income of [Mr.] Waltrip, we do not

feel that any such lack of diligence on her part should prejudice the four children of the parties. There was a change of circumstances after the divorce decree was entered because the husband received an additional $13,230 income for the year 1969." 3 Ill. App. 3d 892, 896.

The defendant in the instant case, Sandra Legan, also emphasizes that the husband's attorney, in open court, during the divorce hearing, had stated:

"Your Honor, if he and I can stipulate in open court because I have discussed it with him if he goes back to Electro-Motive, we have no objection to coming in to court and increasing the support proportionately to what his earnings would be, an increase of what he is making now. We have no objection to doing that if he goes back to work there between now and April before his leave of absence runs out."

It is apparent that the defendant, Sandra, relied on what the plaintiff indicated his future intentions were regarding an increase in child support. Defendant lacked diligence in not entering into such a stipulation with the plaintiff, but that lack of diligence should not prejudice the minor children. As we have repeatedly stated, the welfare and best interests of the children are the "controlling consideration." (*Kelleher v. Kelleher* (3d Dist. 1966), 67 Ill. App. 2d 410, 415, 214 N.E.2d 139, 142.) We have also stated "Of paramount concern * * * is what will serve the best interest of the child." *Daniels v. Daniels* (3d Dist. 1976), 38 Ill. App. 3d 697, 700, 348 N.E.2d 259, 261.

■■ It is apparent from the record and, as noted by the trial court, that the original support payment did not adequately meet the children's needs. (See *Daniels v. Daniels* (3d Dist. 1976), 38 Ill. App. 3d 697, 348 N.E.2d 259.) We have noted, also, that in considering what is equitable where a spouse's financial condition worsened, child-support payments could be reduced even though there was no indication that the needs of the children had decreased. (*Scalfaro v. Scalfaro* (1st Dist. 1970), 123 Ill. App. 2d 23, 259 N.E.2d 644.) Logically, when a supporting spouse's financial condition improves, notably where there is a discussion suggesting that increases should be made, child-support payments may be required to be increased, even though there is no showing that the child's or children's needs have increased specifically. Basically, modification of child-support payments rests within the sound discretion of the trial court reasonably exercised. *Addington v. Addington* (1st Dist. 1977), 48 Ill. App. 3d 859, 863, 363 N.E.2d 151, 154.

Clearly, an equitable interpretation of the rights and interests of the parties would not rigidly support the contention made by the plaintiff that an increase may only be made upon a specific showing of increased need on the part of the children. Section 510(a) of the Act does not mandate

such requirements. Only some change in circumstances of any nature which would justify equitable action by the court in the best interests of the children (with appropriate consideration of the rights and interests of the parents) is required.

Additionally, where a procedure establishing the original amount of contribution for child support is marginal as in the instant case, an increase in the compensation of the husband should reasonably be interpreted as a change in circumstances justifying reasonable and appropriate increases in the obligation of the husband in payment of child support.

We conclude that the trial court in the instant case did not abuse its discretion in finding that there should be an increase in child support payments consistent with the actual best interests of the children and, also, with the apparent attitude of the parents at the time of the original divorce decree fixing the amount of child support payments. It is apparent from record that the amount of support payments were marginal and did not adequately meet the needs of the children, but were all that plaintiff could then afford on the basis of his earnings at the time of the entry of the divorce decree. Plaintiff's salary has more than doubled since the divorce decree.

We, therefore, find that the judgment of the Circuit Court of Kankakee County in denying the petition for rehearing and increasing the amount of child support was proper and should be affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.