JOHN C. SIMMONS, Plaintiff and Counterdefendant-Appellant, *v.* EILEEN M. SIMMONS, Defendant and Counterplaintiff-Appellee.

Second District    No. 79-66

Opinion filed October 30, 1979.

Charles L. Hughes, of Aurora, for appellant.

William J. Foote and Kevin W. Bloese, both of Dreyer, Foote & Streit, of Aurora, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Respondent, John Simmons, appeals from a post-divorce decree entered by the Circuit Court of Kane County increasing the amount of maintenance. Petitioner, Eileen Simmons, cross-appeals from the trial court's refusal to hear evidence of respondent's increased income and from the refusal to hear her petition for attorney's fees.

Petitioner and respondent were divorced on March 10, 1970. The order incorporated the parties' property settlement agreement which included the following provisions:

"(b) The husband further agrees to pay to the wife as alimony for her own support the sum of Seventy-five Dollars ($75.00) every second week, commencing the first payday as aforesaid and continuing every second Friday thereafter, until her remarriage or death.

(c) While it is recognized that child support payments may be subject to modification by court order under appropriate proofs of changed circumstances, wife agrees to seek no increase based on increased earnings of husband, and husband agrees to seek no decrease based on his own remarriage or birth of other children; and in no event is the amount of alimony to be modifiable except for death or remarriage of wife."

On June 9, 1977, petitioner filed her request for modification of alimony. Respondent filed a motion to dismiss which was denied on June 19, 1978. A hearing was held on September 29, 1978, at which petitioner and respondent both testified. The trial court apparently refused to hear any testimony with respect to respondent's increase in income.

On December 11, 1978, the trial court entered an order finding that the petitioner had proven a material change in circumstances and the ability of the respondent to make additional payments. On the basis of these findings, the trial court ordered the respondent to pay petitioner $50 per week in alimony.

On December 15, 1978, at 8:24 a.m., respondent filed his notice of appeal. At 9:13 a.m. on that same day, petitioner filed her request for attorney's fees. Respondent moved to strike the petition for attorney's fees on the ground that the trial court lacked jurisdiction by reason of the earlier filing of a notice of appeal. On January 9, 1979, the trial court

entered an order denying petitioner's motion for attorney's fees and granting respondent's motion to strike.

Respondent appeals from the order increasing the amount of alimony he is to pay the petitioner. Petitioner cross-appeals from the denial of attorney's fees and from the refusal to hear evidence of respondent's increased income.

As a preliminary matter, the parties are not in agreement as to whether or not the new Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) applies to this case. Section 801 of the Act governs its application. In pertinent part this section provides:

> "(a) This Act applies to all proceedings commenced on or after its effective date.
> (b) This Act applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered. Evidence adduced after the effective date of this Act shall be in compliance with this Act.
> (c) This Act applies to all proceedings commenced after its effective date for the modification of a judgment or order entered prior to the effective date of this Act."

(Ill. Rev. Stat. 1977, ch. 40, par. 801.)

The effective date of the Act was October 1, 1977.

Petitioner argues that subsection (c) controls all proceedings to modify previously entered judgments. Under this subsection proceedings for modification commenced after the October effective date are governed by the new act. As the petition for modification was filed on June 9, 1977, petitioner would have us apply the prior divorce act. Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*

■■ We find, however, that it is incorrect to look solely to subsection (c), thereby ignoring subsections (a) and (b). Under subsection (b), the new act "applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered." Subsection (b) has consistently been applied to cases such as the instant case where a petition for modification was pending on the Act's effective date. (See *Miller v. Miller* (1978), 65 Ill. App. 3d 844, 382 N.E.2d 823, and *Legan v. Legan* (1979), 69 Ill. App. 3d 304, 387 N.E.2d 413.) Thus we hold that the new act governs the disposition of this case.

Under subsection 502(f) of the Act, except for terms concerning child support, custody or visitation, a property settlement incorporated into a divorce decree "may expressly preclude or limit modification of terms set forth * * * ." (Ill. Rev. Stat. 1977, ch. 40, par. 502(f).) This subsection mirrors subsection 306(f) of the Uniform Marriage and Divorce Act. The Commissioners Note to the Uniform Act explains that this provision was

intended to allow the parties to agree that their future property and maintenance arrangements may not be altered except in accord with their agreement. Such an agreement maximizes the advantage of careful future planning and eliminates uncertainties based on the fear of subsequent motions to increase or decrease the obligations of the parties. The only limitations placed on the parties' freedom to fashion their own property and maintenance agreements are that the end product to be incorporated into the divorce decree may not be so unjust as to be unconscionable (Ill. Rev. Stat. 1977, ch. 40, par. 502(b)), and the obligation to pay further maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance, or if the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis (Ill. Rev. Stat. 1977, ch. 40, par. 510(b)).

. The trial court held that paragraph (c) of the parties' agreement allowed for modification of alimony payments, but eliminated from consideration the factor of the husband's increased earnings. We cannot agree with this interpretation of the paragraph in question. We find that this limitation on considering the husband's income related to modification of child support payments only. Alimony is considered in a distinct clause separated from this limitation language by a semicolon. Thus with respect to alimony, the sole controlling language is "in no event is the amount of alimony to be modifiable except for death or remarriage of the wife."

■■ We find that this language is a clear expression of an intent to severely restrict modification of the parties' agreement on alimony. This is the kind of expression of intent envisioned by subsection 502(f) of the Act to be binding on the parties. ( Cf. *Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 392 N.E.2d 421, where an introductory paragraph in a settlement agreement claiming to settle their rights "now and forever" was found to be precatory only and not the express preclusion of modification contemplated in subsection 502(f).) Thus we hold that in the instant case where the parties' intentions are clearly manifested and there is no claim of unconscionability, the trial court erred in modifying alimony.

■ ■ The final issue concerns the trial court's denial of petitioner's request for attorneys' fees. The trial court granted respondent's motion to strike petitioner's request for attorneys' fees on the theory that the previously filed notice of appeal divested the court of jurisdiction to consider the request. In light of our holding that petitioner was not entitled to a modification of the agreed upon alimony payment, we find no need to decide the question of trial court jurisdiction after a notice of appeal in this case. In a post-decree proceeding such as this a major factor to be considered in awarding attorneys' fees is what circumstances required the initiation of the judicial proceeding. (*Gray v. Gray* (1978), 57

Ill. App. 3d 1, 372 N.E.2d 909.) Where the party upon whom the fees are sought to be imposed has done nothing which necessitated or required judicial action, the allowance of fees has been held to be error. (*Kuhns v. Kuhns* (1972), 7 Ill. App. 3d 884, 288 N.E.2d 884.) In the present case we find that as a matter of law the petitioner is not entitled to attorneys' fees for her unsuccessful attempt to modify the original judgment incorporating the parties' agreed upon maintenance. This is not to say that in all cases an unsuccessful party in a post-decree proceeding is precluded from an award of attorneys' fees. (*Cf. Robin v. Robin* (1977), 45 Ill. App. 3d 365, 372-73, 359 N.E.2d 809, 814.) In the present case, however, where the petitioner was seeking to avoid the clear terms of an agreement that she does not allege is unconscionable, we believe that it would be improper to order the respondent to pay petitioner's attorneys' fees.

For the foregoing reasons, the judgment modifying the parties' divorce decree is reversed and the order dismissing the petitioner's request for attorneys' fees is affirmed.

Reversed in part, affirmed in part.

SEIDENFELD and NASH, JJ., concur.