KELLI R. INGWERSON, Petitioner-Appellant, v. LAWRENCE A. WOECK-ENER, Respondent-Appellee.

Third District No. 3—85—0192

Opinion filed March 13, 1986.

William M. Walker, of Coryn, Walker & Meehan, of Rock Island, for appellant.

John Malvik, of Rock Island, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The marriage between the petitioner, Kelli R. Ingwerson, and the respondent, Lawrence A. Woeckener, was dissolved in 1980. At that time, the respondent was ordered to pay $42.50 per week for support of the parties' minor child, Noelle. The respondent was awarded visitation rights.

On January 16, 1985, the petitioner filed a petition for an increase in child support. The respondent responded with petitions for modification of visitation and for rule to show cause in regard to abridge-

ment of his visitation rights. On February 11, the petitioner filed a petition for rule to show cause regarding the respondent's failure to pay the petitioner's medical bills. A hearing was held on February 14, 1985, on the respective petitions. The trial court denied the petitioner's request for modification of support; granted the respondent's request for increased visitation; found the petitioner to be in wilful contempt for violating the respondent's visitation rights; found the respondent to be in wilful contempt for failing to pay the petitioner's medical bills; and ordered each party to assume their respective attorney fees.

The petitioner brings the instant appeal. She challenges the trial court's refusal to modify child support and award her attorney fees as well as the court's finding of wilful contempt in regard to visitation. We reverse and remand on the issue of the modification of the child support. We affirm on all other matters.

Modification of child support is governed by section 510 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1983, ch. 40, par. 510). Section 510(a) provides for modification only "upon a showing of a substantial change in circumstances." There are many factors to be considered, including the needs of the child, the financial status of the noncustodial parent, the financial status and needs of the custodial parent, and the physical, emotional and educational needs of the child. *In re Marriage of Daniels* (1983), 115 Ill. App. 3d 173, 450 N.E.2d 361.

■ When a material change has occurred, creating an imbalance between the child's needs and the parent's support capabilities, the act requires modification. (*In re Sharp* (1978), 65 Ill. App. 3d 945, 382 N.E.2d 1279.) Support should be determined by accommodating the needs of the children with the available means of the parties. *Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 367 N.E.2d 512.

■ We agree with the above authority. It is important to the child and to the parents to provide a proper framework in which to determine the necessary level of support of the child. The primary consideration is the child's expenses. The petitioning party is required to show a substantial change in the child's needs. The next consideration is the financial situation of the noncustodial, supporting parent. Again, a substantial change in position should be shown, whether it is a growth in earnings or a release from other obligations. Of course, inherent in this consideration is the comparison of this new ability to support the child with any new obligations this parent faces.

Finally, the other parent's financial position must be analyzed to determine the need for the increase in support. The custodial parent's

financial ability to meet the increased need of the child would also mitigate the supporting parent's duties. However, if the financial position of the custodial parent were such that he or she would not be able to meet the increased needs, the obligation on the part of the noncustodial, supporting parent increases. The court should then, in its discretion, determine which party is better able to meet the increased needs of the child, as they are the paramount consideration.

In the instant case, Noelle's needs had increased as she grew older. The petitioner did show that respondent's gross income had increased since the entry of the dissolution. When the marriage was dissolved, the respondent earned $20,000. At the 1985 hearing, the evidence showed his income to be approximately $26,000. The respondent presented evidence showing that both parties had remarried and enjoyed increases in income. The respondent also showed that his new wife was pregnant.

The trial court, in refusing to increase the respondent's obligation, impliedly made a finding that the petitioner would be better able to meet these obligations. However, there was no evidence showing that the petitioner would be in a better position to meet the increase in the child's needs. Therefore, the denial of the petition to modify the child support was an abuse of discretion. We must therefore remand for a determination as to which party has the ability to better meet the increased needs.

The petitioner also argues that the trial court erred in failing to order that the respondent pay her attorney fees.

Section 508(a) of the Act provides, in relevant part, that a court, after considering the financial resources of the parties, may order either spouse to pay attorney fees incurred by the other spouse during the modification of an order or judgment under the Act. Ill. Rev. Stat. 1983, ch. 40, par. 508(a).

The trial court found both parties to be in contempt for actions (or inaction) as outlined above. The judge reasoned that each party would assume their own fees based upon the dual findings of contempt. We agree with the trial judge that no purpose would be served by awarding fees. The petitioner's conduct, as explained below, was properly held to be contumacious. She should not be rewarded for proceedings which were in part a result of her wrongful conduct. Thus, we find no error in the trial court's denial of the request for attorney fees.

The petitioner's final argument is that the trial court erred in finding her to be in wilful contempt for interfering with the respondents' rightful visitation with Noelle.

We find no error in the trial court's decision. The respondent testified that he was denied visitation on Father's Day although he had purposely switched his days of visitation in order to be with Noelle on Father's Day. On Thanksgiving Day, he was to have visitation from 1 p.m. to 7 p.m., but the petitioner limited the visit to 12:30 p.m. to 2 p.m. On July 8, he was to have Sunday visitation, but neither Noelle nor the petitioner were at home when the respondent arrived to pick up Noelle.

The petitioner asserts that the problems in visitation were due to confusion regarding visitation on the holidays. Such confusion may excuse the failure to make Noelle available for visitation on July 4. However, the remaining instances testified to by the respondent were clearly not the result of confusion regarding the schedule for holiday visitation.

Some of the evidence pertaining to the issue of contempt was disputed. The trial court apparently credited the respondent's testimony. We cannot say that the trial court's decision was contrary to the manifest weight of the evidence. See *Doggett v. Doggett* (1977), 51 Ill. App. 3d 868, 366 N.E.2d 985.

Finally, the petitioner has filed a motion to amend the record on appeal to include a memorandum submitted by the petitioner to the trial court but never incorporated into the record. This motion was taken with the case. In light of our decision on the issues pertaining to visitation, the motion is allowed.

The judgment of the circuit court of Rock Island County is affirmed in part and reversed in part. The cause is hereby remanded for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SCOTT and STOUDER, JJ., concur.