*In re* MARRIAGE OF VICKIE LOOMIS, Petitioner-Appellee, and FRANCIS LOOMIS, Respondent-Appellant.

Third District   No. 3—86—0323

Opinion filed March 18, 1987.

James L. Tappa, of Spector, Tappa, Kopp & Nathan, of Rock Island, for appellant.

John R. McClean, of Lousberg, McClean, Snyder & Schwarz, of Rock Island, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Francis Loomis appeals from an order of the circuit court of Rock Island County increasing the child support to be paid by him to Vickie Loomis for the benefit of two of the parties' minor children.

In 1980 the marriage of the parties was dissolved, and, after the

second half of the bifurcated hearing, the court entered an order which provided in part that the custody of the three minor children be given to the mother; that the father pay $300 per child per month, for a total of $900 per month; that the father provide medical insurance coverage for the children; and that the father pay $500 per month as maintenance for 24 months from the date of the order. In addition, the trial court found that both the marital home and the optometry practice of the father were marital property. The court noted that the marital home was listed for sale at $75,000 and had a mortgage of $60,000 and also noted that the valuation of the optometry practice was at least equal to the amount of the equity in the home. The court awarded the home to the mother and the business to the father.

In April of 1984 the decree was modified by agreement of the parties to provide for a change of custody of one of the children, Peter, to the father and for a corresponding reduction of child support payments to the mother from $900 to $600 per month. On September 4, 1984, the mother filed a petition for modification and subsequently she filed two supplemental petitions for modification, all of which sought an increase in child support. A hearing on those petitions was held on April 8, 1986.

The mother testified that she had been unable to sell the marital home and had not been able to make the mortgage payments. The bank foreclosed on the mortgage, and she filed bankruptcy in May of 1985. She now lives with the two younger children in an apartment for which she pays rent of $275 per month. At the time of the dissolution decree, the mother had part-time employment at a rate of about $3.75 per hour. She now works full time and earns $5.30 per hour. Her net take-home pay is $687 per month, and her monthly expenses total $1,686. Thus, the $600-per-month child support still leaves her unable to meet her monthly expenses.

According to the income tax returns of the parties, their respective annual income for each of the relevant years was as follows:

|      | Father   | Mother   |
|------|----------|----------|
| 1982 | $51,395  | $ 570    |
| 1983 | 64,632   | 3,279    |
| 1984 | 48,344   | 3,541    |
| 1985 | 50,116   | 10,823   |

The father's income is the net income from his optometry business, while the mother's income represents wages from various employment as a clerk and secretary. The 1983 child-support order was based upon the 1982 income figures supplied by the father.

At the conclusion of the hearing, the trial court found a material

change of circumstances in the situation of the mother and no substantial change in that of the father. The court ordered an increase in child support for each child from $300 to $425 per month with payments to revert back to January 1, 1986. The father was also ordered to pay $750 attorney fees for the mother. The father contends that the evidence was insufficient to support a finding of a substantial change in circumstances and that the modification of the dissolution decree was error.

The original order entered in 1983 reflected a plan whereby the division of property together with maintenance and support would enable the mother to provide a standard of living comparable to the predivorce standard for the children of the couple. She was to receive the marital home with the expectation (expressly stated by the trial judge) that she would be able to realize a substantial sum from the equity of the home. The trial judge balanced the property division by awarding the business to the father. It is not disputed that the mother realized nothing from the marital home while the father continues to operate and receive income from his business. Thus, with regard to the property division, the mother's financial circumstances have worsened in relation to the father's.

In addition, as the children grow order and inflation continues, the court may presume that the expenses connected with raising the children are increasing each year. (*Swanson v. Swanson* (1977), 51 Ill. App. 3d 999, 367 N.E.2d 512.) The mother testified generally that the cost of supporting the children was increasing as they became older, and the father did not contradict her testimony. In its opinion and order, the trial court stated:

> "Her [the mother's] current financial statement indicated net monthly expenses of one thousand six hundred eighty-six dollars and forty-nine cents ($1,686.49). Considering there are two growing children and herself covered by those expenses, the figure does not seem excessive."

The mother's earned income has increased, largely because she now works full time, but this increase merely offsets her loss of maintenance. Concerning her earnings, the trial court observed:

> "The Court cannot be critical of the type of employment secured by the mother based on her skills and the current labor market in this area. It would be difficult for her to secure any employment which would pay more than the $5.35 she is now earning. I think it can be fairly stated she is contributing about as much income as she can toward the support of the children."

The father's decrease in income between 1982 and 1985 was not a sig-

nificant percentage of his income, particularly in view of the fact that he no longer has to pay the mother $500-per-month maintenance. The father has earnings of $50,000 annually compared to the mother's income of $11,000. All of these factors were before the trial court for consideration on the petition to modify, and the court stated:

"It's illogical to believe that the mother should support two of the children of the marriage on a poverty level when the father is still making an income substantially higher than most parties in this area."

The trial court concluded that the mother's loss of the marital home was a sufficient change in circumstances to justify an increase in support payments by the father. The father argues to the contrary, that the mother's loss of equity in the home does not justify increased child support since the original order did not condition child-support payments upon the sale of the residence. *Winter v. Winter* (1978), 69 Ill. App. 3d 359, 387 N.E.2d 695, is cited as authority for that proposition. However, an examination of *Winter v. Winter* reveals that there the sale of the marital home resulted in a profit of $60,000, which was divided equally between the mother and father. The father then sought a reduction in his support payments on the grounds that mortgage payments were no longer required. The appellate court affirmed the trial court's ruling that there was no material change in circumstances to justify a reduction in child support. *Winter v. Winter* is not controlling in the case at bar because the relative position of the parties did not change in *Winter* but did change here, and the father sought a reduction in support in *Winter* which was denied by the trial court, but here the mother sought an increase which was granted.

Trial courts should have a wide latitude in determining whether changed circumstances justify the modification of a child-support order. In *Legan v. Legan* (1979), 69 Ill. App. 3d 304, 308-09, 387 N.E.2d 413, 416, this court said:

"Clearly, an equitable interpretation of the rights and interests of the parties would not rigidly support the contention made by the plaintiff [father] that an increase [in child support] may only be made upon a specific showing of increased need on the part of the children. Sec. 510(a) of the Act does not mandate such requirements. Only some change in circumstances of any nature which would justify equitable action by the court in the best interests of the children (with appropriate consideration of the rights and interests of the parents) is required."

In *Legan v. Legan* the only change in circumstance shown by the evi-

dence was an increase in the income of the father. We held that the trial court did not abuse its discretion in ordering increased child-support payments under those circumstances.

■ The evidence in this case clearly indicates that the standard of living of the mother and the two children residing with her has decreased substantially. This is one of the factors which the court must consider along with the financial needs and resources of all the parties. (Ill. Rev. Stat. 1985, ch. 40, par. 505(2); *In re Marriage of Daniels* (1983), 115 Ill. App. 3d 173, 450 N.E.2d 361.) There is a great disparity between the income of the mother, even with child support, and that of the father. Given these circumstances, we hold that the trial court did not abuse its discretion, and we affirm the order entered by the circuit court of Rock Island County.

The mother has included in her brief a request that the appellate court award attorney fees for the cost of defending this appeal. Apparently a petition for such fees has not been filed in this court, and we decline to entertain her request at this time.

Affirmed.

WOMBACHER and HEIPLE, JJ., concur.