*In re* MARRIAGE OF DELORES J. JOHNSON, n/k/a Delores J. Mosley, Petitioner-Appellee, and KEVIN L. JOHNSON, Respondent-Appellant.

Third District   No. 3—90—0282

Opinion filed March 6, 1991.

1026

Cathy Schumann Woollums, of Heninger & Heninger, P.C., of Davenport, Iowa (Thomas J. Pastrnak, of counsel), for appellant.

Massie & Steele, of Galva (Michael E. Massie, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

The marriage of petitioner Delores Johnson and respondent Kevin Johnson was dissolved in 1985. The judgment of dissolution adopted the terms of a separation agreement between the parties which provided for joint custody of their daughter, Christine, with petitioner having physical custody of the child. Respondent was required to pay $75 per week for child support, an amount which, according to petitioner's testimony at the 1985 dissolution proceedings, she believed approximated 20% of respondent's net income.

In November of 1989 petitioner filed a petition for modification seeking an increase in child support. Following a hearing on March 8, 1990, the trial court found that a substantial change in circumstances had occurred based on the increased needs of the child, and the court increased the amount of support to $135 per week. The court also ordered the respondent to pay petitioner's attorney fees of $712. On appeal, respondent contends that: (1) the trial court erred as a matter of law in applying the minimum support guidelines provided in section 505 of the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act) (Ill. Rev. Stat. 1989, ch. 40, par. 505); (2) the court abused its discretion in finding that a substantial change in circumstances

had occurred and in granting the petition to modify child support; and (3) the court erred in ordering respondent to pay petitioner's attorney fees. We affirm.

■ With respect to the first issue raised by respondent, it is clear that a court may consider the statutory guidelines set forth in section 505 of the Marriage Act when modifying child support (see *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 523 N.E.2d 573; *In re Marriage of Boyden* (1987), 164 Ill. App. 3d 385, 517 N.E.2d 1144) and respondent acknowledges as much in his brief. Apparently, respondent is claiming that the trial judge mechanically applied the 20% guideline without considering the actual needs of the child and the financial situation of the parties. Respondent contends that the trial judge's comment at the start of the modification hearing that he was "pretty rigid about applying the 20% figure" demonstrates an improper "rigid adherence" to the statutory guidelines.

■ While we agree that a court should not blindly follow the guidelines and thereby "surrender the responsibilities of considering all relevant factors dictated by Illinois law in reaching an appropriate result" (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 1040, 492 N.E.2d 622, 626), our review of the record does not support a conclusion that the court abandoned its judicial function in favor of an unreasoned application of the 20% guideline. The court's statement that it was "pretty rigid" about following the guidelines merely indicates that the court was following the statutory directive that the section 505 guidelines "*shall be applied in each case* unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).) Here the court stated, just prior to finding that the guidelines applied, that it had carefully listened to the testimony presented and had reviewed all the affidavits, tax returns, and pleadings in the case. We find no error.

Respondent next contends that the trial court abused its discretion in finding that there was a substantial change in circumstances and in granting the petition to modify child support. Specifically, respondent maintains that: (1) the court based its finding of increased need solely on the presumption that expenses increase as a child becomes older; (2) there was no evidence of a substantial increase in respondent's income; (3) the court failed to consider that petitioner's income had substantially increased; and (4) the reasonable needs of the child are met by a payment of $75 per week.

■ Modification of child support is warranted only upon a showing of a substantial change in circumstances. (Ill. Rev. Stat. 1989, ch.

40, par. 510(a).) Trial courts have wide latitude in determining whether a substantial change has occurred (*In re Marriage of Loomis* (1987), 153 Ill. App. 3d 404, 505 N.E.2d 766) and should consider not only the needs of the child and the financial status of the noncustodial parent, but also the needs and financial status of the custodial parent, the financial resources of the child, the standard of living the child would have enjoyed had the marriage not been dissolved, and the physical, emotional, and educational needs of the child (*Ingwerson v. Woeckener* (1986), 141 Ill. App. 3d 647, 490 N.E.2d 1008; *In re Marriage of Daniels* (1983), 115 Ill. App. 3d 173, 450 N.E.2d 361). "Only some change in circumstances of any nature which would justify equitable action by the court in the best interests of the children (with appropriate consideration of the rights and interests of the parents) is required." *Legan v. Legan* (1979), 69 Ill. App. 3d 304, 309, 387 N.E.2d 413, 416.

Respondent's contention that the trial court's finding of increased need was based solely on a presumption that costs increase as a child grows older is apparently based on the court's statement that "[w]hen you become a judge you don't lose your common sense and your experience in life, it would seem obvious that a child at this age needs more than a child at the age of two." Respondent acknowledges that a court may presume that the costs of raising a child increase as the child grows older (*Loomis*, 153 Ill. App. 3d 404, 505 N.E.2d 766), but argues that such a presumption, without more, is not sufficient to warrant an increase in child support. We need not consider this argument, however, because it is clear that the court in this case did not premise its finding of increased need solely on such a presumption. The court noted that the petitioner's testimony indicated that the child eats more and her clothing expenses have increased. In addition, the court cited school expenses, the cost of child care, and transportation costs for medical treatment in support of its decision. We find no abuse of discretion.

Respondent also contends that there was no evidence of a substantial increase in his income. Respondent notes that his income tax return shows only a minimal increase, from $34,472 in 1985 to $35,163 in 1989. The trial court found, however, that the original child support figure of $75 per week was calculated on respondent's base pay of $375 per week. The court based its conclusion on the petitioner's testimony that she thought the $75 figure was 20% of her husband's income and on the respondent's testimony that his attorney for the 1985 proceedings asked him about his base rate of pay and that rate may have been $375 per week. Respondent also testified,

however, that he was never paid at the base rate and that his attorney had been provided with copies of his W-2 forms.

▮ We find the trial court's conclusion that the original child support amount was based on the respondent's base rate of pay of $375 per week was not against the manifest weight of the evidence. Therefore, given that it was undisputed that respondent's net weekly income is now $674.51 per week, his income for the purposes of the modification proceeding had increased substantially. Even if respondent's income had not increased, that is merely one factor which the court must consider and it does not preclude a modification of child support (see *Loomis*, 153 Ill. App. 3d 404, 505 N.E.2d 766 (affirming increased child support despite no substantial change in father's income where standard of living of mother and children had decreased)).

▮▮ ▮ Respondent also complains that the trial court failed to consider petitioner's substantial increase in income. Petitioner was not employed when the marriage was dissolved in 1985. At the time of the modification hearing, petitioner was earning $557 per month. In addition, she was paid $150 per month in rent by her brother and she received $325 per month in child support from respondent. We agree that the increase in petitioner's income from $0 to $1,032 per month was substantial. It is clear, however, that the trial judge was aware of petitioner's earnings since he indicated that he had listened to the testimony and reviewed the affidavits filed by the parties. The essence of respondent's argument seems to be that any increase in the child's needs was offset by the increase in petitioner's income. It is the province of the trial court, however, to determine which party is better able to meet the increased needs of the child. (*Ingwerson*, 141 Ill. App. 3d 647, 490 N.E.2d 1008.) The trial court's decision to modify child support will not be disturbed on appeal absent an abuse of discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229.) We note that respondent's net monthly income is approximately $2,700 and petitioner's is $1,032. We find no abuse of discretion.

▮ We are also not persuaded by respondent's argument that no increase in child support was necessary because the reasonable needs of the child were met by the payment of $75 per week. Petitioner's affidavit shows that the combined monthly expenses for her and the child total $1,321. Her net monthly income, even with the increased support, is less then $1,300. While respondent's affidavit also indicates that his expenses exceed his income, the amounts spent on such

items as clothing and entertainment reflect a standard of living far above that enjoyed by mother and child.

> "The child should not suffer because the custodial parent has a limited income. We decline to accept petitioner's argument that a child is only entitled to receive support for his 'shown needs' when the noncustodial parent is obviously 'enjoying' a standard of living far above that of the child." (*Bussey*, 108 Ill. 2d at 297-98.)

We find no abuse of discretion.

■ Finally, respondent contends that the trial court erred in ordering him to pay petitioner's attorney fees. An award of attorney fees lies within the sound discretion of the trial court. (*Bussey*, 108 Ill. 2d at 299, 483 N.E.2d at 1235.) The propriety of such an award depends upon a showing by one party of an inability to pay and a demonstration of the ability of the other party to do so. (*Bussey*, 108 Ill. 2d at 299-300.) Given the financial situation of the parties as revealed by the record, we find no abuse of discretion. The judgment of the circuit court is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.