*In re* MARRIAGE OF JEFFREY RIEGEL, Respondent-Appellee, and ROBIN RIEGEL, Petitioner-Appellant.

Third District   No. 3—92—0691

Opinion filed March 23, 1993.—Rehearing denied May 3, 1993.

Michael D. Kramer, of Blanke, Norden, Barmann, Kramer & Bohlen, P.C., of Kankakee, for appellant.

Leonard Sacks, of Kankakee, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Petitioner Robin Riegel appeals the denial of her motion to modify child support. We reverse and remand for further proceedings consistent with this opinion.

The record shows that Robin and the respondent, Jeffrey Riegel, were divorced in 1987. Pursuant to the dissolution order, Robin received custody of their two minor children, and Jeffrey was ordered to pay $200 every two weeks in child support. At that time, their son Adam was 7 years old and their daughter Angela was 10 years old.

In 1991, Robin petitioned the court to increase Jeffrey's child support payments by $35 a week to help cover the increased expense of raising older children. At the hearing on the petition, Robin testified that her monthly child-raising expenses have increased substantially over the last four years. She set forth specific cost increases relating to feeding the children both at home and at school, to medical expenses that insurance did not cover, to transportation costs so that the children could engage in school activities, to increased clothing costs because the children continue to grow, and to the cost of providing adequate shelter because of inflation. She estimated the total increased cost to be about $562 a month.

Robin also testified that at the time of the divorce she was working part-time and making about $11,000 a year. At the time of the hearing, she worked full-time and made $19,000 a year.

Jeffrey did not challenge Robin's evidence regarding her increased expenses. Instead, he argued that Robin had allowed the children to become accustomed to a higher standard of living than they had had when the parties were married and, as such, he should not have to pay for it. Specifically, he noted that Robin and her wealthy boyfriend buy the children expensive designer tennis shoes and leather jackets, and they also send them to summer camp.

He noted that his salary had decreased over the years from $39,357 a year in 1987 to $38,921 a year in 1991. In addition, he testified that he had remarried and that his wife makes about $34,000 a year. They recently purchased a $103,000 home.

In rebuttal, Robin testified that her estimated increased costs did not include the expenditures for the tennis shoes or leather jackets.

In denying Robin's petition, the trial court stated the following:

"The Court finds that none of the allegations in the Petition to Modify have been proven, that in fact the [respondent's] income has decreased slightly while the [petitioner's] income has increased substantially. The Court is not of the opinion that the needs of the children have increased but that their expectations have been increased by the [petitioner] and her wealthy boyfriend providing them with expensive items such as $100.00 plus shoes, $500.00 summer camps, expensive leather jackets, telephones for each child, Karate School and so forth. There is no question that the lifestyle adopted by the [petitioner] apparently gives the children almost anything they want is considerably greater than what they were accustomed to and would have been had the marriage not been dissolved. The Court finds that the Petition to Modify should be denied."

On appeal, Robin argues that the trial court erred in denying her petition for modification. Specifically, she alleges that since the evidence regarding the increased needs of the children was undisputed, the court erred in failing to order Jeffrey to increase his child support payments.

Modification of child support is warranted only upon a showing of a substantial change in circumstances. (750 ILCS 5/510 (West 1992).) Trial courts have wide latitude in determining whether a substantial change has occurred and should consider not only the needs of the child and the financial status of the noncustodial parent, but also the needs and financial status of the custodial parent, the financial re-

sources of the child, the standard of living the child would have enjoyed had the marriage not been dissolved, and the physical, emotional, and educational needs of the child. *In re Marriage of Johnson* (1991), 209 Ill. App. 3d 1025, 568 N.E.2d 927.

When considering whether to modify child support payments, trial courts may also consider the statutory guidelines set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 1992)). (*In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 523 N.E.2d 753.) One of the guidelines states that when two children are involved, the supporting party should pay at least 25% of his net income for support, unless the court finds a reason to deviate from the guidelines. (750 ILCS 5/505 (West 1992).) Furthermore, a court may presume that the cost of raising children increases as the children grow older. (*In re Support of Whitney* (1980), 90 Ill. App. 3d 734, 413 N.E.2d 872.) Another factor the court may consider is whether the supporting parent has remarried. This fact is relevant because couples are likely to pool their resources, thereby possibly increasing the resources available to the supporting parent. (See *In re Marriage of Cooper* (1981), 102 Ill. App. 3d 872, 430 N.E.2d 379.) Finally, we note that support should be determined by accommodating the needs of the children with the available means of the parties. *Ingwerson v. Woeckener* (1986), 141 Ill. App. 3d 647, 490 N.E.2d 1008.

In denying Robin's petition in the case at hand, the trial court found that the children's needs had not increased, but rather that their expectations had increased. It based its decision on the fact that Robin and her "wealthy boyfriend" bought the children expensive items. We find this to be error.

■ The uncontroverted evidence presented in this case clearly showed that the average monthly cost of raising the children had risen dramatically. Even after removing the items that Jeffrey considered luxuries, *i.e.*, allowing the children to attend summer camp, Adam's involvement in band, and Angela's involvement in gymnastics, the increase was shown to be about $450 a month. Since this is a substantial change, we find that the trial court erred in determining that no change of circumstances had occurred.

We now turn to the trial court's implied finding that even if a cost increase had occurred, Robin was better able to meet such an increase. The court based this finding on the fact that Robin's salary had increased dramatically but that Jeffrey's salary had decreased since the divorce.

 While this is true, it ignores the fact that Jeffrey has remarried a woman who earns $34,000 a year and, as such, he may now have more income at his disposal than he did in 1987. The court also ignored the fact that Jeffrey's present child support payments amount to only about 13% of his salary. Such an amount is substantially less than the 25% figure suggested in the statute.

In conclusion, we find that the trial court erred in failing to find that Robin had proven an increase in costs. The court also erred in failing to determine or consider Jeffrey's total available income as it related to his statutory obligations and his ability to help pay for the increased costs of raising his children.

The judgment of the circuit court of Kankakee County is reversed and the cause remanded for proceedings to determine whether, in light of this opinion, a change of circumstances has occurred and, if so, whether support should be increased.

Reversed and remanded.

BRESLIN and LYTTON, JJ., concur.